PARKER *v.* THE BOARD OF COMMISSIONERS OF WAYNE CO.

COUNTY AUDITOR.—*Fees and Salaries.—County.—Assessment of Taxes.—Notice to Plat Lands.*—Under section 6 of the act of March 8th, 1873, (Acts 1873, p. 119) "regulating the fees of officers," etc., the county auditor was entitled to receive, not from the owners of such lands, but from the county in which they were situated, twenty-five cents for the service of each notice to owners of lands, to cause them to be platted as required by sections 272 and 273 of the act of December 21st, 1872, (1 R. S. 1876, p. 72) providing "for a uniform assessment of property," etc.

SAME.—*Notice.*—Under the provisions of sections 272 and 273 of the act of December 21st, 1872, (1 R. S. 1876, p. 72) providing "for a uniform assessment of property," etc., the owner of real estate, which has been divided into parcels, which can not be described except by metes and bounds, is not bound to cause the same to be surveyed and platted into lots, until notified so to do by the proper county auditor; nor can such county auditor cause the same to be done, unless such owner, at the expiration of thirty days from the service of such notice, shall have failed so to do.

From the Wayne Circuit Court.

*L. D. Stubbs, W. W. Dudley* and *C. H. Burchenal,* for appellant.

*H. C. Fox* and *J. L. Rupe,* for appellee.

PERKINS, C. J.—The appellant presented his claim to the board of commissioners of Wayne county, for an allowance of eleven hundred and nineteen dollars. The claim was rejected. An appeal was taken to the circuit court. To that court the cause was submitted upon the following agreed statement of facts:

"It is agreed between the parties that the following are the facts of the case:

"The plaintiff, as auditor of Wayne county, between

the 12th and 20th of January, 1875, issued four thousand four hundred and seventy-six notices, to that number of owners of land in said county, which said lands had been divided in parcels so that they could not be described, without describing them by metes and bounds, which said notices were served upon said owners, respectively, within said time, a copy of one of which notices is hereto attached and made a part hereof. That said plaintiff, at the March term, 1875, of said board, filed his claim for an allowance for his services in issuing said notices, at the rate of twenty-five cents for each of said notices, said claim being duly verified as required by law.

" But the board refused to allow said claim, or any part thereof, on the ground that said county is not liable to pay for the issue of such notices or any of them.

" On the foregoing facts it is agreed that this cause shall be submitted at once to the judge of the Wayne Circuit Court, at the present (February) term, for final determination.

" COPY OF NOTICE.

" ' DEAR SIR.—The special session of the General Assembly of Indiana, for the year 1872, passed "An act to provide for a uniform assessment of property, and for the return and collection of taxes thereon," which act was approved December 21st, 1872. Sections 272 and 273 of which read as follows :

" " " SEC. 272. In all cases when any tract or lot of land is divided into parcels so that it can not be described without describing it by metes and bounds, it shall be the duty of the owner to cause such land to be surveyed and platted into lots; such plat shall be certified and recorded; the description of real estate, in accordance with the number and description set forth in the plat aforesaid, shall be deemed a good and valid description of the lot or parcel of land so described," etc.

" " " SEC. 273. If the owner of any such tract or lot of land shall refuse or neglect to cause such survey to be made,

within thirty days after being notified by the county audi-tor * * *, said auditor shall cause such survey to be made and recorded, and the expense thereof shall be added to the tax levied upon such real property, and when col-lected shall be paid on demand to the persons to whom it is due."

"'Your real estate is described as follows, to wit:

"'Quarter section ——————, range ——————, ——————$\frac{}{100}$acres.

"'You are hereby notified, therefore, to have your real estate platted and recorded within thirty (30) days from the date hereof, as required by said section 272. Enclosed you will find a blank for such plat. If you are unable to make a plat from your deed, I would respectfully suggest that you procure the county surveyor to make a correct survey and plat of your said land for you.

"'You need not number your plat when made, as that will have to be done in the recorder's office of the county.

"'Auditor's fees; For notice, transfer, stamps, etc., sixty-five cents;

"'Recorder's fees; For recording plat and acknowl-edging same, three dollars and twenty-five cents;

"'Which can be paid to the recorder, when your plat is filed.                    Yours truly,

"'ELIHU M. PARKER, Auditor.'

"And these were all the evidence given in the cause, and thereupon the court found for the defendant, to which finding the plaintiff then and there excepted, and filed his motion for a new trial, in the words following, to wit:

"'The plaintiff moves the court to grant a new trial of said cause, upon the grounds following, to wit:

"'1st. The finding of the court is contrary to law;

"'2d. The finding is not supported by the evidence.

"'L. D. Stubbs, W. W. Dudley and Charles H. Burche-nal, plaintiff's attorneys.'

"But the court overruled said motion, and rendered judg-ment against plaintiff, on said finding, to which ruling and

judgment the plaintiff immediately excepted, and now immediately reduces said exception to writing, in this his bill of exceptions, which is signed, sealed and made a part of the record in this cause.          JOHN F. KIBBEY."

We think the court erred in its judgment. The object of platting the land, etc., was to enable the assessor to discharge, with reasonable dispatch, the duty required of him by section 118 of the act of December 21st, 1872 (1 R. S. 1876, p. 102,) touching the making and delivering to the auditor a description of all of the real estate, etc.

No proprietor was bound to plat his land till after notice given him by the auditor. This is the legal effect of the express language of the statute. This notice, the statute makes it the duty of the auditor to give. If after such notice was given to the proprietor, he failed to plat his land, the auditor might procure it to be done for him, and charge him with the expense thereof; that is, of the platting, etc., but not with the expense of the notice. There could be no propriety or justice in charging him with the expense of a notice to him, not of a default in regard to the discharge of an existing duty, but of a duty to be discharged in the future, growing out, under the law, of the service of such notice.

As we have seen, the act requiring the platting of their lands by owners, and providing for the giving of notices by county auditors, under which the notices in this case were given, was approved December 21st, 1872. On the 8th of March following, less than three months, the "Act regulating fees of officers," etc., (Acts 1873, p. 119,) was enacted, which provided that the county auditors should be entitled to twenty-five cents for each notice, not under seal, given by him, of course, by authority of law. In the absence of any special provision as to payment for the notice, for which compensation is claimed in this suit, we think those notices fell within the provisions of the act of March 8th, above cited, and were to be paid for by the county, no other payor being designated.

The judgment is reversed, with costs. Cause remanded for further proceedings in accordance with this opinion.